### KIRBY COMPANY, Plaintiff-Appellee v. LEWIS et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19488. Decided July 17, 1944.

C. W. Lindsay, Cleveland, for plaintiff-appellee.

Joseph Morganstern, Cleveland; A. J. Litt, Cleveland, for defendants-appellants.

## OPINION

BY SKEEL, J.

This cause comes to this court on plaintiff's appeal on questions of law and on defendants' appeals on questions of law and fact. The action is in the nature of a creditor's bill. The plaintiff obtained a judgment in a previous action in the Municipal Court of the City of Lakewood, in the sum of $1415.29 against the defendant, W. Stanley Lewis, which judgment at the time this action was commenced was wholly unpaid and unsatisfied.

The plaintiff, by its second amended petition alleges that the defendant, W. Stanley Lewis, has no property either real or personal which is subject to levy and execution in a sufficient amount to satisfy said judgment. It is further alleged that by contract with the defendant, The Acro-Electric Company and its officers, he became the owner of twelve (12) shares of stock of said company which he transferred to his wife, the defendant Calla J. Lewis, and, with intent to put said stock beyond the reach of his creditors, particularly this plaintiff, the defendant Calla J. Lewis, pledged said stock as collateral security to the defendant, The Ace Finance Company or the defendant, Sam Dubeck, or The Finance Loan Company, or A. J. Litt, all being made defendants to this action.

The second amended petition further alleges that unless restrained, the defendant, The Acro Electric Company, will transfer such stock on the book of the company or that the pledgee or pledgees thereof will sell and dispose of the same with intent to defeat this plaintiff's rights, or that the defendant, The Acro Electric Company will settle certain claims of the judgment debtor to enable him to put the proceeds beyond the reach of this plaintiff.

It is further claimed that the defendant, W. Stanley Lewis,

has other intangible assets which should be applied to the plaintiff's judgment.

The plaintiff prays for a restraining order against all the defendants to prevent them from disposing of the said stock, and that the defendant, The Acro Electric Company be restrained from compromising any claim or paying any money to the defendant, W. Stanley Lewis, and further asking that the defendant, W. Stanley Lewis, be restrained from disposing of any of his property and upon final hearing to cause the transfer of the said stock to be set aside and the same sold and the proceeds applied to this plaintiff's judgment.

The action thus presented is clearly a creditor's bill in equity; the plaintiff alleging as a part of his right to maintain the suit that he has no adequate remedy at law.

The appeal of plaintiff on questions of law is based on an entry of the court on August 13th in which the court granted defendant's motion to vacate the judgment entered by the court against the defendant on July 16th.

The defendants' appeal on questions of law and fact is concerned particularly with challenging the jurisdiction of the court in attempting to hear and determine the issues presented by the pleadings. The transcript discloses the following history of the case:

On June 28, 1933, the plaintiff filed a second amended petition by leave of court. Previous to this, the defendants had filed answers to the original petition and also to the amended petition. No entry was made fixing a time for answers to be filed to the second amended petition, nor did the court indicate in any other way when the issues were to be made up. The entry of judgment on July 16th is, from the record, without previous notice to either side. The defendants' motion of August 10th to vacate the judgment of July 16th was addressed to the sound discretion of the court and inasmuch as the defendants were not in default of answer and the issues were not yet made up the court's action in granting said motion to vacate the judgment entered on July 16th was in the exercise of its discretion and said judgment was properly vacated. The same judgment was again entered as of August 14th. The notice of appeal of the defendants was from the judgment of August 14th and therefore it being the only final order in this case the defendants' notice was given within the time allowed by law. The plaintiff's contention that the notice was not filed in time is not sustained by the facts.

The entry of August 13th vacating the judgment entered on July 16th as indicated above was the order from which the plaintiff by its notice bases its appeal. This is not a final order unless it be claimed that in making such entry the court

abused its discretion. The facts fall, far short of establishing such a claim and the appeal of the plaintiff must therefore be dismissed.

There remains to be considered the question presented by the appeal of the defendants as to whether or not the Lakewood Municipal Court has jurisdiction to try this case.

This action is one in equity. It is original in character and not an ancillary proceeding. Whether the court has the power to entertain such an action is to be determined by an examination of the statute.

**Section 1579-919 GC** which is the section of the Code from which the court derives its jurisdiction provides in part as follows:

"The Municipal Court shall have and exercise original jurisdiction within the limits of the City of Lakewood, as follows:

1. In all actions and proceedings of which justices of the peace have jurisdiction.

2. In all civil actions and proceedings at law for the recovery of money or personal property of which the courts of common pleas have jurisdiction, when the amount claimed by any party, or the appraised value of the personal property sought to be recovered does not exceed twenty-five hundred dollars; and in such actions judgments may be rendered for an amount over twenty-five hundred dollars when the excess over twenty-five hundred dollars shall consist of interest, damages or costs incurred after the commencement of the action.

3. In all actions on contracts, express or implied, in law or in fact, when the amount claimed by the plaintiff, exclusive of all interest and costs, does not exceed twenty-five hundred dollars. When a cause arising out of contract is pending in the municipal court and the ends of justice demand that an account be taken or that the contract or contracts be. reformed or cancelled, the municipal court shall have jurisdiction to decree such accounting, reformation or cancellation.

4. In all actions and proceedings at law to enforce the collection of its own judgments or the judgment or revivor of judgment heretofore rendered by justices of the peace in Rockport Township, Cuyahoga County, or rendered by the city and justice courts of the City of Lakewood and Rockport Township, Cuyahoga County, hereinafter referred to as its own judgments.

\* \* \* \* \* \*

11. The right to examine a judgment debtor as provided by §§11768, 11769, 11770 and 11771 GC, and to enjoin the judgment debtor and the judgment debtor's debtors from disposing of or encumbering any personal property which he may own

or which he or they may have in his or their possession.

        * * * * * * ''

It will be noted that paragraph 4 deals with the subject of actions and proceedings to enforce the collection of its judgments. Such actions and proceedings are by this paragraph restricted to actions and proceedings "at law." A reading of the entire section on Jurisdiction (§1579-919 GC) discloses that there are only three instances where the court is given limited power to exercise equitable jurisdiction. Under sub-paragraph three, where actions "at law or in fact" on contracts are provided for, and the ends of justice require, the court may entertain an accounting or adjudge a cancellation or reformation of the contract.

Under sub-paragraph 5 the power to marshall liens upon foreclosure is granted and in sub-paragraph 11 the power to enjoin judgment debtors and debtors' debtors from disposing of or encumbering their property in certain instances is granted to the court. In all of these cases the power to exercise limited equitable actions is in each instance ancillary to an action or proceeding at law. Clearly, therefore, the court does not have general equitable jurisdiction.

An analogy is to be found by comparing the Lakewood Municipal Court Act with the Act creating the Cleveland Municipal Court. In the Cleveland Act by §1579-6 **sub-paragraph 4 GC**, it is provided that the court shall have jurisdiction "in all actions and proceedings **whether legal or equitable,** to enforce the collection of its own judgments." Here clearly the court does have the power to entertain a creditor's bill, but no similar provision is found in the Lakewood Act. Without such specific power being granted by the Act creating the court, the court cannot exercise such equitable jurisdiction.

It must be remembered that the several municipal courts of the state were created to take the place of the jurisdiction exercised by justices of the peace. In most instances they have been given jurisdiction beyond that exercised by justices of the peace but they still are trial courts of limited jurisdiction and unless equitable powers are expressly granted they cannot assume to exercise them.

We conclude, therefore, that the Municipal Court of the City of Lakewood did not have jurisdiction of the subject matter of this action, and that the judgment must therefore be reversed and cause remanded with instructions to dismiss the same for want of jurisdiction.

Plaintiff excepts.

MORGAN, P. J. and LIEGHLEY, J., concur.